UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EARL M. WHEBY, JR., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GREENLAND ACQUISITION CORPORATION, YANMING LIU, SHAN CUI, JIANG PU, and YU CHEN, <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED <br><br> <u>CLASS ACTION</u> |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On July 12, 2019, Greenland Acquisition Corporation's ("Greenland") Board of Directors (the "Board" or "Individual Defendants") caused Greenland to enter into a share exchange agreement (the "Agreement") with Zhongchai Holding (Hong Kong) Limited ("Zhongchai Holding"), Cenntro Holding Limited (the "Zhongchai Equity Holder"), and Greenland Asset Management Corporation ("Sponsor").

2. Pursuant to the terms of the Agreement, Greenland will acquire 100% of the issued and outstanding capital stock of Zhongchai Holding in exchange for the issuance of 7,500,000 Greenland shares to the Zhongchai Equity Holder (the "Proposed Transaction").

3. As a result of the Proposed Transaction, Greenland's current public stockholders will own only approximately 33.6% of Greenland's outstanding shares.

4. On September 11, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that Greenland's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for October 17, 2019.

5. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Greenland common stock.

10. Defendant Greenland is a British Virgin Islands corporation and maintains its principal executive offices at Oriental Plaza No.1 East Chang'an Street, Suite 906, Tower W1,

Dongcheng District, Beijing, People's Republic of China. Greenland's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "GLAC."

11. Defendant Yanming Liu ("Liu") is Chief Executive Officer and Chairman of the Board of Greenland. Liu is also the managing member of Sponsor.

12. Defendant Shan Cui is a director of Greenland.

13. Defendant Jiang Pu is a director of Greenland.

14. Defendant Yu Chen is a director of Greenland.

15. The defendants identified in paragraphs 11 through 14 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Greenland (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

17. This action is properly maintainable as a class action.

18. The Class is so numerous that joinder of all members is impracticable. As of July 9, 2019, there were approximately 5,782,000 shares of Greenland common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

19. Questions of law and fact are common to the Class, including, among others, whether defendants violated the Exchange Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

20. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

21. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

22. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of Greenland and the Proposed Transaction*

23. Greenland is a blank check company incorporated for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, recapitalization, reorganization, or similar business combination with one or more target businesses.

24. On July 12, 2019, the Individual Defendants caused Greenland to enter into the Agreement with Zhongchai Holding, Zhongchai Equity Holder, and Sponsor.[1]

25. Pursuant to the terms of the Agreement, Greenland will acquire 100% of the issued and outstanding capital stock of Zhongchai Holding in exchange for the issuance of 7,500,000 Greenland shares to the Zhongchai Equity Holder.

---

[1] Individual Defendant Liu, who is Greenland's Chief Executive Officer and Chairman, is also the managing member of Sponsor.

4

26.     As a result of the Proposed Transaction, Greenland's current public stockholders will own only approximately 33.6% of Greenland's outstanding shares.

27.     On the other hand, following the Proposed Transaction: (i) Zhongchai Equity Holder is expected to own approximately 52.1% of Greenland's outstanding shares; (ii) investors who entered into subscription agreements with Greenland are expected to own approximately 4.2% of Greenland's outstanding shares; (iii) "an independent third party that is a China-based entity that acted as finder in connection with the Business Combination is expected to own approximately 0.3% of the outstanding Greenland Shares"; (iv) Sponsor is expected to own approximately 9.6% of Greenland's outstanding shares; and (v) Chardan Capital Markets, LLC is expected to own approximately 0.2% of Greenland's outstanding shares.

28.     According to the press release announcing the Proposed Transaction:

Greenland Acquisition Corporation (the "Company" or "Greenland") (NASDAQ: GLAC), a blank check company formed for the purpose of acquiring one or more businesses or entities, announced today that it has signed a definitive share exchange agreement with Zhongchai Holding (Hong Kong) Limited ("Zhongchai Holding"), a leading developer and manufacturer of transmission products for material handling machineries in China. In addition, Zhongchai Holding has developed robotic cargo carriers, which it plans to produce and sell in the near future. Upon closing, Zhongchai Holding will become a wholly-owned subsidiary of Greenland, and Zhongchai Holding's majority owned subsidiaries will become the operating entities of the Company. In addition, the Company will change its name to Greenland Technologies Holding Corporation. . . .

Transaction Details

Under the terms of the share exchange agreement, Greenland will acquire all of the outstanding equity interests of Zhongchai Holding from Zhongchai Holding's shareholder in exchange for 7,500,000 newly issued ordinary shares of Greenland. 10% of the ordinary shares payable to Zhongchai Holding's shareholder in the transaction will be held in escrow for 18 months after the closing as security for Zhongchai Holding's and such shareholder's indemnification obligations under the share exchange agreement.

The board of directors of the Company after the closing will consist of five directors, who will be appointed prior to the closing, four of which will be

independent. The four nominees of the independent directors are Messrs. Yanming Liu, Hong Liang Lu, Min Zhang and Everett Xiaolin Wang.

The transaction is subject to the satisfaction of customary closing conditions, including approval of Greenland's shareholders. The transaction is expected to close by the end of 2019, promptly following Greenland's special shareholders' meeting to approve the transaction.

Ellenoff Grossman & Schole LLP and Ogier are acting as legal advisors to Greenland. T&C Law Firm is acting as legal advisor to Zhongchai Holding.

*The Proxy Statement Omits Material Information*

29. Defendants filed the Proxy Statement with the SEC, which recommends that Greenland's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for October 17, 2019.

30. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

31. With respect to Zhongchai Holding's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate EBIT and EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

32. The Proxy Statement fails to disclose financial projections for Greenland.

33. The Proxy Statement fails to disclose the terms of the non-disclosure agreements entered into by Greenland and "approximately ten potential acquisition targets," as well as the actual number of potential acquisition targets that executed agreements.

34. The Proxy Statement fails to disclose the terms and values of the letters of intent "executed . . . with four potential acquisition targets."

35. The Proxy Statement provides that, "[i]n October 2018, [Greenland] hired several consultants in China with strong professional backgrounds to support [Greenland's] management team, including Lou Zhong, who has both audit and investment banking background, and Julie

Long, who has an audit background." However, the Proxy Statement fails to disclose who these individuals are, their relationships to the parties to the Agreement and their affiliates, and the amount of compensation they have received or will receive for the consulting services they provided during the process leading up to the Proposed Transaction.

36. The Proxy Statement fails to disclose any details with respect to the "independent third party that is a China-based entity that acted as finder in connection with the Business Combination [that] is expected to own approximately 0.3% of the outstanding Greenland Shares" following the consummation of the Proposed Transaction.

37. The Proxy Statement fails to disclose the Individual Defendants' basis for apparently failing to hire a financial advisor in connection with the Proposed Transaction.

38. The Proxy Statement fails to disclose a fair summary of any financial analyses the Individual Defendants considered and relied upon in coming to their decision to approve the Proposed Transaction.

39. The Proxy Statement provides that, "[b]etween July 2019 and September 8, 2019, Mr. Wang discussed the terms of a proposed equity investment in Greenland with various investors with which Mr. Wang had a pre-existing relationship. On September 8, 2019, the PIPE Investors entered into the Subscription Agreements with Greenland for the PIPE Financing." However, the Proxy Statement fails to disclose the nature of these "pre-existing relationship[s]."

40. The Proxy Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of Greenland's officers and directors, including who participated in all such communications.

41. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

42. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Greenland's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Greenland

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Greenland is liable as the issuer of these statements.

45. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within Greenland, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Greenland within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Greenland and participation in and/or awareness of Greenland's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Greenland, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Greenland, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved

in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: September 19, 2019　　　　　　　　**RIGRODSKY & LONG, P.A.**

　　　　　　　　　　　　　　　　　　　　By: */s/ Gina M. Serra*
　　　　　　　　　　　　　　　　　　　　　　Seth D. Rigrodsky (#3147)
　　　　　　　　　　　　　　　　　　　　　　Brian D. Long (#4347)
　　　　　　　　　　　　　　　　　　　　　　Gina M. Serra (#5387)
**OF COUNSEL:**　　　　　　　　　　　　　　300 Delaware Avenue, Suite 1220
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
**RM LAW, P.C.**　　　　　　　　　　　　　　Telephone: (302) 295-5310
Richard A. Maniskas　　　　　　　　　　　　Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300　　　　　　Email: sdr@rl-legal.com
Berwyn, PA 19312　　　　　　　　　　　　　Email: bdl@rl-legal.com
Telephone: (484) 324-6800　　　　　　　　　Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com　　　　　　　　　　*Attorneys for Plaintiff*